JOSEPH A. BROWN, Plaintiff, *v.* HARRY ABBOTT, JR., Defendant. WILDER REALTY COMPANY, Creditor, Appellant; HARRY ABBOTT, JR., and Others, Respondents.

Fourth Department, June 30, 1931.

*John Van Voorhis' Sons* [*Eugene Van Voorhis* of counsel], for the appellant.

*Sutherland & Dwyer* [*Samuel B. Dicker* of counsel], for Russell N. Garrison, receiver.

*John F. Kinney* [*William A. Ader* of counsel], for the plaintiff.

*Joseph H. Corcoran*, for the defendant.

*Kenneth B. Keating*, for Mutual Burlesque Association.

*Henry Stern*, for Bufter Amusement Corporation.

*Myer Miller*, for Wolf Karsky.

PER CURIAM. We are assuming that the order appealed from was intended to be not only an order settling the accounts of the receiver, but also a final decree in the partnership action itself; otherwise, allowances could properly be made only to the receiver for services and for expenses of administration including services of counsel. The decree should be modified as follows:

1. By substituting the following allowances for the corresponding ones therein stated:

To the receiver, whose active duties subsequent to March 30, 1926, were slight, $1,500; to counsel for the receiver, $2,000; to the attorney for the plaintiff, $600, which shall cover the taxable costs in the action and compensation for such services as were rendered by him to the receiver.

2. By striking out the allowance to the attorney for the defendant, who as the unsuccessful party is entitled neither to costs nor allowance (*Couch* v. *Millard*, 41 Hun, 212); also by striking out the allowance to the attorney for Karsky whose services were rendered to his own client in the Bufter Amusement Corporation case and had no connection, so far as appears, with the present action. The remote community of interest between Karsky and the receiver in that litigation affords no basis for a claim on the fund here.

3. By providing that the balance remaining in the hands of the receiver after making the payments specified in the decree as thus modified, to wit, $5,299.18, together with any further accumulated interest, be distributed to the creditors having total claims of $5,347.90 as set forth in Schedule " E " of the receiver's report; the residue, if any, shall be paid to the plaintiff and defendant.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order modified by reducing certain allowances and excising others, and as so modified affirmed, without costs of this appeal to any party.